[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON MOTIONS FOR ARTICULATION
Two motions for articulation have been filed with respect to the undersigned's memorandum of decision dated May 7, 1990.
The first is by both defendants, Currier Electric Co., Inc., and United States Fidelity and Guaranty Company (USFG), and concerns whether the original plaintiff, Eagle Signal Corporation, had the right to bring suit in its own name, and, secondly, whether it was proper to thereafter substitute Wickes Manufacturing Company (Wickes) as the named plaintiff. I do not believe any further articulation is required. as footnote 1 on page 1 of the decision explains why the motion to substitute Wickes as plaintiff was granted, and therefore the motion to articulate in this regard is denied.
The second request is from defendant USFG alone and requests an addition to the memorandum of decision concerning whether the plaintiff properly pled a cause of action against it pursuant to General Statutes S 49-42 (b). The decision in favor of USFG was based on the conclusion that Eagle Signal did not bring a timely action against this defendant. I see no need to address the issue referred to in the motion for articulation in the light of the decision that the suit against the movant was untimely. It is noted, however, that this defendant, who now claims a failure on the part of the plaintiff to plead a proper cause of action, never moved to strike the complaint on this ground, or took any other action with respect thereto. Therefore, I see no reason to respond to this motion to articulate other than to note that implicit in the decision that suit had not been timely brought was a belief that Eagle Signal had in fact properly pled a cause of action pursuant to General Statutes S 49-42 (b), but had not proved its case. Thus the motion to articulate is denied.
Dated at Stamford, Connecticut this day of October, CT Page 2795 1990.
WILLIAM B. LEWIS, JUDGE